## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

KRISTOPHER T. FRALEY,

     *Plaintiff*,

v.

TOWN OF PURCELLVILLE, *et al.*,

     *Defendants.*

No.  1:19-cv-01645-LO-JFA

## DEFENDANTS DARRYL DEBOW AND NORTHERN VIRGINIA PRE-EMPLOYMENT & POLYGRAPH SERVICES' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Andrea Moseley (VSB 43047)
KROPF MOSELEY PLLC
1100 H Street, NW, Suite 1220
Washington, DC 20005
(202) 549-0425
andrea@kmlawfirm.com

*Counsel for Defendants Northern Virginia Pre-Employment & Polygraph Services and Darryl DeBow*

Defendants Darryl DeBow ("DeBow") and Northern Virginia Pre-Employment & Polygraph Services ("Nova Poly") collectively ("Defendants") timely moved to dismiss all Counts against them in the Amended Complaint.  Now, Defendants respectfully submit this Reply to Plaintiff's Opposition ("Opp. Memo.") to Defendants' Memorandum of Points and Authorities ("Memo.") in support of their Motion to Dismiss the Amended Complaint ("Am. Compl.").  In addition, Defendants DeBow and Nova Poly herein adopt all relevant parts of their co-Defendants' Motions to Dismiss and Memorandum in Support of their Motions to Dismiss.

## INTRODUCTION

The most glaring, fundamental flaw in Plaintiff's ("Fraley's") Am. Compl. is that he does not and cannot plead cognizable damages.  Fraley has no choice but to admit that he was not terminated from his employment.  He was placed on paid leave and he suffered zero financial harm.  These claims also fail because Plaintiff's critical allegations are conclusory and should not be afforded the assumption of truth.  See *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Plaintiff's Am. Compl. demonstrates its infirmity by resorting to salacious and factually unsupported theories designed to harass[1] an innocent small business owner through litigation.  Finally, Plaintiff's Section 1983 claims cannot stand against DeBow/Nova Poly because he has not adequately pled that these Defendants were state actors.

---

[1] Defendants DeBow and Nova Poly are referring to Plaintiff's allegation that Mr. DeBow had a "sexual relationship" with Ms. Nuckolls.  Am. Compl. at ¶57 and Opp. Memo. pgs. 5, 10. Defendants are attempting to resolve their Fed. Rule Civ. Pro. 11(b) issues with Plaintiff before taking further action.

Plaintiff should not be allowed to amend his complaint because he cannot cure its defects through amendment. The entirety of the paragraphs cited by Plaintiff in the Opp. Memo. that substantively mention DeBow are attached as Exhibit 1. These paragraphs do not adequately support Plaintiff's claims for Statutory Conspiracy (Count II), Common Law Conspiracy (Count III), Tortious Interference with Employment Contract (Count IV), Intentional Infliction of Emotional Distress (Count VI), Gross Negligence (Count VII), False Imprisonment (Count VIII) or Section 1983 Claims (Counts IX, X, XI and XII). Accordingly, all Counts against DeBow and Nova Poly should be dismissed with prejudice.

I. **Plaintiff Fails to State a Claim Against Nova Poly and DeBow for Statutory Conspiracy (Count II).**

a. Plaintiff has not pled cognizable damages.

Plaintiff repeatedly argues that he (and all law enforcement officers) have a "property interest" in continued employment citing Va. Code ¶¶ 9.1-500, *et. seq.* Opp. Memo. pgs. 2, 8-9. The Court need not reach the question of whether such a "property interest" exists in this case because Fraley never lost his employment. The simple uncontested truth is that Fraley was never terminated and was paid for the time he was placed on leave. Opp. Memo. pg. 6. He suffered zero financial harm and has not been deprived of any "property interest" allegedly granted within Va. Code ¶¶ 9.1-500, *et. seq.* He has not alleged cognizable damages.

Furthermore, there is no "property interest" grant within Va. Code ¶¶ 9.1-500, *et. seq.* Fraley fails to identify any language or section under this entire chapter that supports his notion of a "property interest." Fraley fails to identify a single case where a court has interpreted Va. Code ¶¶ 9.1-500, *et. seq.* to deliver a "property interest" in the form of continued employment to all law enforcement officers. Last, Fraley fails to identify a single case where a court has interpreted Va.

Code ¶¶ 9.1-500, *et. seq.* to deliver a "property interest" in the form of future employment with another law enforcement agency to all law enforcement officers.  In the absence of facts pled to support cognizable damages to Plaintiff's business interests, Count II must be dismissed.

In his Opposition, Fraley does not address black letter law cited by Defendants establishing that he cannot recover damages for injury to personal reputation, employment interests or having a difficult time finding employment under Va. Code §§18.2-499 and -500.  Fraley has only pled and argued that the Defendants "conspired to damage his professional reputation" in an effort to justify a termination that never occurred.  Opp. Memo., pg. 2.  Va. Code §§18.2-499 and -500 do not apply to claims of "damages for injury to personal reputation and employment interests." *Andrews v. Ring*, 266 Va. 311, 319 (2003) (dismissing claim of statutory conspiracy where plaintiff claimed damages for injury to reputation and employment); *see Shirvinski v. United States Coast Guard*, 673 F.3d 308, 321 (4th Cir. 2012) (same).  In sum, there is no legal relief available on the face of this claim even assuming his allegations of "harm" to be true.  S*ee* Section I, Defendants' Memorandum In Support of Their Motion to Dismiss ("Defendants Memo").

At least two district courts in the Fourth Circuit have resolved Plaintiff's (unsuccessful) attempts to state a claim for statutory conspiracy where Plaintiff has alleged a property interest in his/her employment.  They recognized that §18.2-499 protects people in their businesses, not in their employment.  The Court should do the same here and dismiss Count II.  See *Haymaker v. Frederick*, No. 3:15-cv-00052, 2015 WL 9244646, at *3 (W.D. Va. Dec. 15, 2015) (Plaintiff conceded that he did not state a claim for statutory conspiracy when his allegation was that defendants engaged in a conspiracy to damage his reputation and profession and the court held that, "In light of [the plaintiff's] concession and the court's review of the legal and factual arguments . . . the complaint fail[ed] to state viable claims under Va. Code Ann. § 18.2-499 and

42 U.S.C. § 1983"); *Walsh v. Logothetis*, No. 3:13-cv-401, 2014 WL 229588, *12 (E.D. Va. Jan. 21, 2014) (even if the plaintiff had a property interest in his continued employment his claims for statutory conspiracy failed "because employment interests are not protected under the statute . . . section 18.2-499 protects people in their businesses, not in their employment").

      b.  <u>Plaintiff fails to adequately plead concerted action and motive.</u>

Count II fails for the additional reason that Plaintiff does not adequately plead concerted action between DeBow/Nova Poly and another. In his Opp. Memo., pg. 3, Fraley states the conclusion that "Between October 6, 2017 and October 12, 2017" that DeBow/Nova Poly "agreed [with Defendants] to produce a report reflecting the desired finding of deceptiveness." In support of this conclusion, Fraley refers the Court to Am. Compl. ¶51, ¶57 and ¶60. These paragraphs do not support such a conclusion. Paragraph 51 does not even mention DeBow/Nova Poly or and alleged concerted action involving Defendants. Paragraph 57 lays out the factually unsupported conclusion that in exchange for a "quid pro quo" "sexual relationship," Mr. DeBow agreed to author a false polygraph. Because these allegations are no more than conclusions, they should not be entitled to the assumption of truth. This sweeping, unreasonable conclusion cannot be fairly inferred from Plaintiff's still shot photo taken from a video in the elevator following the polygraph. See Am. Compl. Exs. 15a and 15b. Furthermore, even if this unsupported conclusion were accepted as true, this is insufficient to allege that the Defendants agreed with another to damage Fraley's business interests protected by Va. Code ¶¶ 18.2-499 and 500. Last, paragraph 60 attributes no action on the part of DeBow except that he agreed to give Fraley a polygraph. These cited paragraphs do not sufficiently allege "concerted action" as required.

Plaintiff further argues that the "concerted action" element is sufficiently alleged because DeBow asked questions of Officer Fraley that were ambiguous and specifically intended to induce

a certain level of uncertainty and that DeBow then reported that Fraley showed signs of deception. Opp. Memo. pg. 3.   In support of these conclusions, Plaintiff refers the Court to ¶¶ 52-56, 60, 62-63, 65-66.  Opp. Memo. pg. 3.   None of these paragraphs sufficiently allege concerted action between DeBow/Nova Poly and another Defendant.  Paragraphs 52-55 do not mention or refer to DeBow/Nova Poly.   Paragraph 56 merely states another conclusion and cites no fact alleging "concerted" action.  Paragraph 62 does not mention DeBow/Nova Poly.  Paragraph 63, in pertinent part, asserts that DeBow removed personal items from Fraley before the polygraph and DeBow asked questions that were ambiguous and designed to produce uncertainty.  Paragraphs 65-66 state the conclusion that DeBow reported that Fraley showed signs of deception during the examination, yet Plaintiff alleges these results were false without citing to any fact to support this claim.  These paragraphs individually and taken together, are no more than conclusions and fail to allege facts to support concerted action between DeBow/Nova Poly and another Defendant to harm the business interests of Fraley.

Finally, Plaintiff cites, paragraph 57 to support to support the "legal malice towards [p]laintiff's business" element.  Opp. Memo. pg. 3.  At best, paragraph 57 alleges an unsupported narrative that DeBow must have issues a report "inconsistent with the *actual* test results" because of a sexual quid pro quo and sexual relationship with Ms. Nuckolls.  This paragraph does not rise to meet the standard that the Plaintiff agrees he must meet. Opp. Memo. Pg. 4. That is, it does not show that DeBow/Nova Poly had a "primary and overriding purpose to injure his victim in his reputation, trade, business or profession, motivated by hatred, spite, or the element of malice required by Code 18.2-499 . . .".  Opp. Memo. pg. 4.  Plaintiff fails to plead necessary facts to allege that DeBow's primary and overriding purpose was to injure Fraley's reputation, business or profession, motivated by hatred, spite, etc.  The only motive alleged by Plaintiff is a personal

motive on the part of Mr. DeBow.  Opp. Memo. pgs. 4-5.  Furthermore, he does not plead any facts to support his conclusions about these allegedly ambiguous questions or false results.  For all of these reasons, Plaintiff fails to adequately plead concerted action and malice.

       c.   <u>Intracorporate Immunity Applies</u>.

Finally, Plaintiff cannot overcome the intracorporate immunity doctrine, which he must for his claim to survive this motion.  Fraley's Opp. Memo. and Amended Complaint assert that Defendants were agents or employees of the Town. (Compl., ¶¶ 1, 113, 114, 124, 141, 154, Opp. Memo pgs. 21-29) Taking these facts as true, the statutory conspiracy claim is a legal impossibility and should be dismissed with prejudice.  See Memo. at Section I, pg. 8.  Plaintiff points to *Buschi v. Kirven*, 775 F.2d 1240, 1252 (4th Cir. 1985) urging this Court to recognize an exception to the intracorporate immunity doctrine.  Virginia does not recognize the so-called "personal stake" exception to this general rule when the conspiring agent has an independent personal stake in achieving the conspiracy's illegal objective. *Phoenix Renovation Corp. v. Rodriguez*, 461 F. Supp. 2d 411, 429 (E.D. Va. 2006) (citing *Softwise, Inc. v. Rana Goodrich, M.D., P.C.*, 63 Va. Cir. 576, 578 (Va. Cir. Ct. 2003)).

*Buschi*, confirms the fact that "immunity granted under the doctrine to the agents and the corporation" are *not* destroyed because the agents are sued individually.  *Buschi,* 775 F.2d at 1252 citing  *Cole v. University of Hartford,* 391 F. Supp. 888, 893 (D.Conn.1975) ("Simply joining corporate officers as defendants in their individual capacities is not enough to make them persons separate from the corporation in legal contemplation. The plaintiff must also allege that they acted other than in the normal course of their corporate duties.").   Even if the exception were recognized in Virginia, the *Buschi* opinion states that "an exception may be justified when the officer has an independent personal stake **in achieving the corporation's illegal objective**." *Buschi,* at 1252

(emphasis added). In order to take advantage of the personal stake exception that Plaintiff claims, he would have to allege that Mr. DeBow/Nova Poly's independent personal stake was in achieving the corporation's alleged illegal objective, that is, terminating Fraley. There is no allegation in the Am. Compl. that DeBow/Nova Poly would personally benefit from the termination of Fraley or that he participated in any employment decision related to Fraley namely, the paid leave/non-termination of Fraley. This exception the Plaintiff hopes to engage simply does not apply in Virginia or to the facts alleged against Defendants. Count II should be dismissed for any or all of these deficiencies which cannot be cured through amendment.

## II.      **Plaintiff Fails to State a Claim Against Nova Poly and DeBow for Common Law Conspiracy (Count III).**

For the reasons stated *supra* section I (b), Fraley has failed to allege an "agreement" "to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means" between DeBow/Nova Poly and any other person. In addition, Fraley's common law conspiracy claim must fail because he has suffered no cognizable damages in tort. In his Opposition, he offers no response to the fact that he was never terminated and that there can be no underlying tort where there were no cognizable damages in tort. Factually, he concedes that due to "intervening, extraneous events" he was never terminated. Opp. Memo. pg. 6. There is no recovery available for a Plaintiff who cannot allege damages from the alleged conspiracy. See arguments from *supra* Section I (a) and (b), Memo. Section II. For this reason alone, Count III fails.

Finally, Count III fails for the additional reason that it is barred as a matter of law by the intracorporate immunity doctrine as stated *supra* Section I (c).

## III.     **Plaintiff Fails to State a Claim Against Nova Poly and DeBow for Tortious Interference with Employment Contract (Count IV).**

Fraley's opposition confirms Defendants' argument that he fails to allege a valid contractual relationship in the Am. Compl. Opp. Memo. pg. 9. He has merely alleged that

Defendants interfered with an employment relationship.  Plaintiff completely fails to connect the existence of §9.1-500 *et seq.* with Fraley's obligation to establish a valid contractual relationship supporting a tortious interference claim.  Yet, he relies on §9.1-500 *et seq.* entirely to do so.  For the failure to allege a contractual relationship alone, his tortious interference claim fails.

Next, Fraley uses the same rationale for Count IV as he used in Count II, Opp. Memo. pg. 2 regarding his "property interest" allegedly established by §9.1-500 *et seq.*  This part of his argument must fail for the same reasons cited *supra* Section I (a).  Even if §9.1-500 *et seq.* established this so-called "property interest" in continued employment, it does not alone establish a contract for employment for purposes of a tortious interference claim.

Fraley did not have an employment contract with the Town of Purcellville.  The existence of a contract is a legal conclusion, and he has not alleged any facts to support his allegation of a contractual relationship.  Officer Fraley was an at-will employee.  Plaintiff agrees that "[i]n order to present a *prima facie* case of tortious interference with a contract terminable at will,  Officer Fraley 'must allege and prove not only an intentional interference that caused the termination of the at-will contract, but also that the defendant employed 'improper methods.''" Opp. Memo. pg. 9.  Here, there was no termination, and therefore, the analysis should stop here.

However, even if Plaintiff had been terminated, Plaintiff still fails to adequately plead improper methods as required.  Memo., pgs. 11-12.  Improper methods include "those means that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common law rules," as well as "violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship." *Duggin v. Adams*, 234 Va. 221, 227 (1987).  In support of its improper methods argument, Plaintiff cites to a list of statutes that

do not apply to DeBow/Nova Poly.  Opp. Memo pg. 11.  First, Defendants are not governmental agencies as defined in Virginia's Fraud and Abuse Whistle Blower Protection Act. See Va. Code Ann §2.2-3010.  See Am. Compl. ¶58.   This Act applies to governmental agencies.  Va. Code Ann §2.2-3010 *et seq.*  Plaintiff concedes that Defendants are no governmental agencies at Am. Compl. ¶58.  Therefore, this Act is inapplicable to Defendants.  Second, Defendants are not alleged to have been Fraley's employer.  This fact makes Va. Code Ann. §40.1-51.4:4 (B) inapplicable to Defendants.

None of the acts that Plaintiff alleges against DeBow rise to the level of improper methods set forth in *Duggin.* "The fact that Virginia recognizes the existence of the tort of intentional interference with a contract does not mean that every contract relationship which is terminated or disrupted through the interference of a third party promoting its own interests will result in tort liability for that party. Rather, the law provides a remedy in tort only where the plaintiff can prove that the third party's actions were illegal or fell so far outside the accepted practice of that 'rough-and-tumble world' as to constitute improper methods." *Lewis-Gale Med. Ctr., LLC v. Alldredge,* 282 Va. 141, 153 (2011).

Plaintiff cannot plead adequate facts to support this claim.  Moreover, because Fraley's at-will employment contract was never terminated, he cannot cure his defective Complaint through amendment.  The tortious interference claim therefore should be dismissed with prejudice.

## IV.   Plaintiff Cannot Adequately Plead Intentional Infliction of Emotional Distress (Count VI).

Plaintiff's claim in Count VI for intentional infliction of emotional distress must be dismissed with prejudice for all the reasons stated in Defendant's Memo. pgs. 12-14.  Plaintiff does not adequately address his failure to sufficiently allege a causal connection between Fraley's receipt of an allegedly improper polygraph and his allegedly severe emotional distress in the Am.

Compl.  In summary, the Am. Compl. accuses Mr. DeBow of subjecting Fraley to an improper or false polygraph on one occasion in October 2017.  This same polygraph was *not* used to terminate Fraley from his position.  The Am. Compl. fails to adequately allege how this polygraph proximately caused any cognizable emotional harm to Fraley, much less, "severe" emotional harm. Fraley's conclusory IIED claim is foreclosed by *Iqbal/Twombly*, as well as Virginia law.  Memo. pgs. 12-14.  It should be dismissed with prejudice.

## V.   <u>Plaintiff Cannot Adequately Plead Gross Negligence (Count VII).</u>

In an attempt to salvage Count VII, Plaintiff asks this Court to be the first Court in Virginia to find that a legal duty exists between polygraph examiners and examinees.  Such a finding is not warranted by statute or case law.   Plaintiff now argues that a special duty between polygrapher and his/her examinee can be divined from the Virginia Administrative Code.  The provisions he cites concerns the licensing of polygraphers and regulation of these licenses by the Department of Professional and Occupational Regulation (the "Department").  See generally 18 VAC 120-30-10 *et seq*.  These administrative regulations merely grant the Department the power to fine, deny, suspend, or revoke any license or registration, or deny or withdraw school approval upon a finding that the applicant, licensee, registrant, or school violates one of the enumerated requirements.  *Id.* A special relationship or a legal duty recognized by Virginia courts is not established by these provisions.  Indeed, to our knowledge, no court in Virginia has ever found such a legal duty to exist despite the long-standing existence of these regulations.  18 VAC 120-30-10 *et seq.*; see Memo. pgs. 14-16.  The Supreme Court of Virginia has cautioned against expanding legal duties that can support negligence claims into new, not yet recognized relationships.  *Brown v. Jacobs*, 289 Va. 209, 215-16 (2015) "This list of special relationships is not exhaustive, but 'we have exercised caution in expanding it to include new relationships.'" *Brown*, 289 Va. at 215-16 citing *Burns v. Gagnon*, 283 Va. 657, 668–69 (2012).

Furthermore, Plaintiff's Opp. Memo. does not identify factual allegations in his Am. Compl. that sufficiently support the heightened standards required for gross negligence amounting to an "utter disregard of prudence that amounts to a complete neglect of the safety of such other person." *Elliott v. Carter*, 292 Va. 618, 791 S.E.2d 730, 732 (2016) (quoting *Cowan v. Hospice Support Care, Inc.*, 268 Va. 482, 603 S.E.2d 916, 918 (2004)).  Plaintiff was utterly safe sitting in Town Hall and submitting to a polygraph.  Plaintiff does not adequately plead facts that he suffered requisite harm proximately caused by Defendants' alleged gross negligence (the administration of an improper polygraph).  Plaintiff alleges that his injuries were reputational, legal fees and "diminished" ability to seek employment. Am. Compl. ¶148.  These types of alleged damages are not cognizable in negligence.  A consequent injury is a necessary element of proof necessary to maintain a negligence action.  Plaintiff does not state a claim that any cognizable injuries were proximately caused by DeBow's alleged breach.  "The controlling policy consideration underlying tort law is the safety of persons and property—the protection of persons and property from losses resulting from injury."  *Sensenbrenner v. Rust, Orling & Neale, Arhitects, Inc.*, 236 Va. 419, 425. (1988).

Plaintiff's attempt to plead gross negligence simply does not satisfy the pleading standard in *Twombly*/*Iqbal* and must be dismissed with prejudice.

### VI.    <u>Plaintiff Does Not Adequately Plead False Imprisonment (Count VIII).</u>

Fraley focuses this portion of his Opp. Memo. on the circumstances of the Plaintiff in *W.T. Grant Co. v. Owens*, 149 Va. 906 (Va. March 2, 1928).  Opp. Memo. pgs.18-20.  In *W.T. Grant Co.*, a woman (the Plaintiff) was detained in an office for hours, after office hours, by two men, where she was questioned for a crime and held under the threat of being taken to jail if she tried to leave.  *Id.* at 919-20.  In order to avoid the threat of *physical* restraint, she agreed to write out a statement as requested by the two men.  *Id.*  While the Plaintiff points out that the threats against

the *W.T. Grant Co.* plaintiff were verbal, the threats were to take hold of her *physically*, if she tried to leave.  This is inapposite to Fraley's alleged facts.  Fraley does not even claim he was threatened with physical restraint.  At best, he claims that he feared he would be terminated from his employment if he chose not to take the polygraph.  Opp. Memo. pg. 20.  Plaintiff admits that he does not allege that DeBow physically "barred" his exit during the polygraph.  Opp. Memo. pg. 20.  Fraley suffered no alleged apprehension of force sufficient to sustain Count VIII, thus Count VIII must be dismissed with prejudice.

Finally, Plaintiff does not sufficiently plead that DeBow actively participated in acts constituting false imprisonment.  While 'it is possible to have a cognizable false imprisonment claim against someone who does not perform the direct restraint[,] . . . at the very least, an individual must be an 'active participant' in the restraint in order for liability to be possible." *Harbeck v. Smith*, 814 F. Supp. 2d 608, 630 fn.6 (E.D. Va. 2011).

### VII.   Plaintiff Has Not Adequately Pled Any of the § 1983 Claims Against Nova Poly and DeBow (Counts IX, X, XI and XII).

As an initial matter, Plaintiff's alleges that Nova Poly and DeBow were "nongovernmental entities that provided a service to the Town [of Purcellville]" by administering the polygraph examination of Plaintiff. Am. Compl. ¶58.  As private entities or independent contractors of the municipality, Plaintiff must plead that Nova Poly and DeBow were state actors if his §1983 claims are to survive. Plaintiff's vague allegations as to Nova Poly and DeBow's relationship to Purcellville fall far short of the high threshold in pleading state action. Even if state action could be established, Plaintiff has not sufficiently pled the violation of clearly established statutory or constitutional rights. Thus, Claims IX through XII of the complaint must be dismissed against Nova Poly and DeBow.

a. <u>As Private Entities, Plaintiff Has Not Adequately Pled That Nova Poly and DeBow Were State Actors</u>**.**

The Fourth Circuit has made clear that a private citizen or entity may become a state actor for purposes of § 1983 only under "rare" circumstances. *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016). Plaintiff cites to *Alson v. Virginia High Sch. League, Inc.*, 108 F.Supp. 2d 543, 545, for the proposition that a person/entity may be considered state actors if "he/it was 'so closely supervised, directed and controlled by the state that the actions of [Defendants] could be considered actions of the state itself.'" Opp. Memo. pg. 21. Plaintiff alleges insufficient facts to arrive at such a conclusion as to DeBow/Nova Poly. According to Fraley, Defendant Nuckolls "dictated" that DeBow/Nova Poly would produce a report that indicated Fraley had been deceptive. Opp. Memo. pg. 22. That single factual allegation falls short of the type of supervision, direction and control contemplated in *Alson.* See also Plaintiff's arguments that DeBow was "dominated by his personal motives." Opp. Memo pg. 4-5. The facts propounded by the Plaintiff in his own Opposition belie his argument that DeBow/Nova Poly were state actors. The allegations in the Am. Comp. are insufficient to bring Nova Poly and DeBow within the ambit of state action such that they could be liable for § 1983 claims. For this reason, Counts IX, X, XI and XII fail to state a cause of action against Nova Poly and DeBow.

b. <u>Even If DeBow/Nova Poly are State Actors, They are Immune from Suit Under Qualified Immunity.</u>

Assuming for purposes of argument that DeBow/Nova Poly are state actors or agents of Purcellville, they are entitled to the defense of qualified immunity. The Defendants actions, as alleged, were discretionary, and constituted an exercise of a valid government function. Furthermore, their conduct did not violate a statutory or constitutional right that was clearly established. Defendants are incapable of violating any of laws cited by Plaintiff, at Opp, Memo.

pg. 24, because he/they are not subject to the laws cited.  See same argument *supra* Section III, pg. 12.  Finally, with regard to the assertion that Defendant's "violated" the Virginia Administrative Code, these provisions do not create a statutory or constitutional right that was clearly established as required in Section 1983 cases.

DeBow/Nova Poly adopt and incorporate by reference the qualified immunity arguments of Vanegas, Schroeck, McDaniel and Nuckolls. Because Plaintiff cannot make out violations of any constitutional rights in Counts IX through XII of his complaint, and those rights were not clearly established, Nova Poly and DeBow are entitled to immunity from this lawsuit.

    c.   <u>Plaintiff Cannot Adequately Plead a Constitutional Right to Bodily Integrity (Count IX).</u>

Plaintiff's attempt to distinguish *Hood* and *Collins* is unpersuasive.  The Fourth Circuit's ultimate holdings in *Hood* and *Collins* are unchanged by Fraley's "fair procedure" and "willful and intentional" distinctions.  Opp. Memo. pg. 25.  Plaintiff makes a bare recitation of elements in his claim of violation of 14th Amendment liberty interest in bodily integrity and this does not include the key element of physical harm.  This is not enough to state a claim under this cause of action.  There is no distinction between Plaintiff's bodily integrity claim and that of the plaintiff in *Hood*, which the Supreme Court foreclosed. Further, beyond the recitation of claim elements, Plaintiff does not allege any specific bodily harm. Plaintiff's allegations fall short of a demonstrating the existence of a clearly established constitutional right and Count IX is deficient against DeBow and Nova Poly.

    d.   <u>Plaintiff cannot sufficiently plead a violation of the Fourth Amendment – Illegal Search and Seizure (Count X).</u>

Plaintiff clarifies that his claim in Count X is that "[t]he illegal search and seizure occurred when Officer Fraley was barred from leaving the room, patted down, and separated from items on

his person by DeBow, on penalty of termination if he did not comply." Opp. Memo. pg. 26.  First, DeBow is not alleged in the Am. Compl. to have personally barred Fraley's exit or to have threatened to terminate Fraley.  The allegations against DeBow individually are that he "patted" Fraley down and "separated" Fraley from his personal items.  These are patently insufficient to establish an illegal search and seizure within the meaning of the Fourth Amendment.  The circumstances of Fraley's visit to Town Hall in October 2017 included his voluntary travel to Town Hall and his ability to leave at any time he chose.  Fraley was not physically restrained by Defendants; he was not threatened with physical restraint; he did not ask to leave; he did not try to leave, instead, he *chose* not to leave because he feared termination from his job. Opp. Memo. pgs. 27-28.

e.  <u>Public Employees' Liberty Interest Cannot Be Implicated By Harm To Reputation Alone (Count XI).</u>

Plaintiff's Opposition does not address the fact that he has pled a § 1983 claim based on an incorrect legal principle.  In Count XI, plaintiff alleges that "Defendants violated [Plaintiff's] liberty interest in his reputation." Am. Compl. ¶182. This is not a clearly established constitutional right as both the Supreme Court and the Fourth Circuit have "consistently held that public employees' liberty interests are not implicated by harm to reputation alone." *Zepp v. Rehrmann*, 79 F.3d 381, 388 (4th Cir. 1996); *see, e.g., Paul v. Davis,* 424 U.S. 693, 706 (1976). Additional harm is necessary. "To implicate a constitutionally protected liberty interest, [the conduct complained of] must at least "imply the existence of serious character defects such as dishonesty or immorality." *Zepp*, 79 F.3d at 388; *see Robertson v. Rogers,* 679 F.2d 1090, 1092 (4th Cir.1982). In *Robertson,* the Fourth Circuit held that statements that the plaintiff had been fired for "incompetence and outside activities" did not impose on the plaintiff a stigma or disability sufficient to implicate a constitutionally protected liberty interest. 679 F.2d at 1092. Additionally,

the harmful conduct should create the risk of serious damage to the plaintiff's "standing and associations in his community" or "foreclose [] his freedom to take advantage of other employment opportunities." *Board of Regents v. Roth,* 408 U.S. 564, 573 (1972); *see Zepp*, 79 F.3d at 388.

Here, Plaintiff, a public employee, has not pled that Nova Poly and DeBow's conduct has seriously damaged his standing, associations or his ability to seek employment elsewhere. To the contrary, the results of his polygraph examination have not been released publicly. Nor has Plaintiff been unable to seek and find employment. Consequently, Plaintiff's allegations that his reputation has been harmed by Nova Poly and DeBow do not rise to the level of a constitutionally protected right and must be dismissed.

      f.   Count XII—violation of 14th Amendment property interest, denial of due process—
           does not state a claim against DeBow/Nova Poly.

Fraley alleges that he had a property interest in his continued employment with the Town and that he was entitled to due process before being deprived of his property interest.  Further, he alleges that Defendants conspired to, and denied Officer Fraley his property interest.   Am Comp. ¶189-90, 92.  "[I]n order to claim entitlement to protections of the due process clause—either substantive or procedural—a plaintiff must first show that he has a constitutionally protected 'liberty' or 'property interest' and that he has been 'deprived' of that protected interest by some form of 'state action.'" *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-70 (1972)). "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Roth,* 408 U.S. at 577. To possess a property interest, a claimant "must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must,

instead, have a legitimate claim of entitlement to it." *Id.* at 577; *see also, Echtenkamp v. Loudon County Public Sch.,* 263 F. Supp. 2d 1043, 1053 (E.D. Va. 2003), *overruled on other grounds.*

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Jenkins v. Weatherholtz,* 909 F.2d 105, 107 (4th Cir.1990) (quoting *Board of Regents v. Roth,* 408 U.S. 564, 569 (1972)). "[A]lthough a property interest in employment can be created by statute, ordinance, or express or implied contract, 'the sufficiency of the claim of entitlement must be decided by reference to state law.'" *Pittman v. Wilson County,* 839 F.2d 225, 226–27 (4th Cir.1988) (quoting *Bishop v. Wood,* 426 U.S. 341, 344 (1976)).

One notable district court opinion provides insight into an officer's 14th Amendment due process claim based on the Law Enforcement Officers' Procedural Guarantees statute. *See Mansoor v. County of Albemarle*, 124 F. Supp. 2d 367, 379– 80 (W.D. Va. 2000). The court in *Mansoor* observed that the statute at issue provides police officers with a property interest in continued employment. *Id.* at 379 (citing *Kersey v. Shipley*, 673 F.2d 730, 732 (4th Cir. 1982)). But, the District Court also pointed out that the statute "'provides far *more* than what the Constitution would otherwise require.'" *Id.* (quoting *Riccio v. County of Fairfax*, 907 F.2d 1459, 1467 (4th Cir. 1990)) (emphasis in original). As such, the court concluded that the statutory procedures need not be complied with fully to satisfy federal due process. *Id.* (citing *Riccio*, 907 F.2d at 1468). The court concluded that the plaintiff's suspension with pay did not violate the Fourteenth Amendment. *Id.* at 380 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 544-45 (1985); *Royster v. Bd. of Trustees of Anderson County Sch. Dist. No. 5*, 774 F.2d 618, 621 (4th Cir. 1985); *Edwards v. California Univ. of Pa.*, 156 F.3d 488, 492 (3rd Cir. 1998)). A public employee's property interest extends only to his "right to receive the compensation guaranteed

under the contract," not to "the right to actively engage in and execute the duties of his office." *Royster*, 774 F.2d at 621.

Because Fraley concedes he was compensated during the entirety of his suspension, he cannot state a claim for a due process violation. Count XII should be dismissed with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants Daryll DeBow and Northern Virginia Pre-Employment & Polygraph Services respectfully request that this Court grant this motion to dismiss Counts II, III, IV, VI, VII, VIII, IX, X, XI and XII and dismiss them with prejudice.

Dated April 23, 2020.

Respectfully submitted,

Northern Virginia Pre-Employment & Polygraph
Services and Darryl DeBow
BY COUNSEL

*/s/ Andrea L. Moseley*
Andrea L. Moseley (VSB 43047)
KROPF MOSELEY PLLC
1100 H Street, NW, Suite 1220
Washington, DC 20005
(202) 549-0425
andrea@kmlawfirm.com

*Counsel for Defendants Northern Virginia Pre-Employment & Polygraph Services and Darryl DeBow*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 23, 2020, I caused a copy of the foregoing to be filed electronically with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to all interested parties:

Melvin E. Williams, Esq.
VSB No. 43305
Meghan A. Strickler, Esq.
VSB No. 88556
Mel Williams PLC 1320
Third Street, SW
Roanoke, VA 24016
540-266-7800 - Phone
540-206-3857 - Fax
mel@melwilliamslaw.com
meghan@melwilliamslaw.com
*Counsel for Plainitff*

John A. Conrad, Esq.
VSB No. 17640
TheConradFirm, P.C.
Stonewall Jackson Professional Center
1520 West Main Street, Suite 204
Richmond, VA 23220
804-359-6062 - Phone
804-359-6064 - Fax
jconrad@theconradfirm.com
*Counsel for Clark McDaniel*

John W. Zunka, Esq.
VSB No. 14368
Elizabeth C. Southall, Esq.
VSB No. 86390
Zunka, Milnor, & Carter, Ltd.
P. O. Box 1567
Charlottesville, VA 22902
434-977-0191 – Phone 434-977-0198 – Fax
jzunka@zmc-law.com
esouthall@zmc-law.com
*Counsel for Joseph Schroeck*

Jennifer L. Parrish, Esq.
VSB No. 31996
Jennifer L. McGovern, Esq.
VSB No. 92402
Parrish Snead Franklin Simpson, PLC.
P.O. Box 7166
Fredericksburg, VA 22401
540-373-3500 - Phone
540-899-6394 - Fax
parrish@parrishsnead.com
mcgovern@parrishsnead.com
*Counsel for Town of Purcellville*

David P. Corrigan (VSB No. 26341)
Melissa Y. York (VSB No. 77493)
Counsel for Alexander Vanegas
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280 Richmond, Virginia
23255 804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
myork@hccw.com
*Counsel for Alexander Vanegas*

Mikhael D. Charnoff, Esq.
Perry Charnoff, PLLC
1010 N. Glebe Road
Suite 301
Arlington, VA 22201
703-291-6650 - Phone
703-563-6692 - Fax
mike@perrycharnoff.com
*Counsel for Georgia Nuckolls*

/s/ Andrea L. Moseley
Andrea Moseley (VSB 43047)
KROPF MOSELEY PLLC
1100 H Street, NW, Suite 1220
Washington, DC 20005
(202) 549-0425
andrea@kmlawfirm.com

*Counsel for Defendants Northern Virginia Pre-Employment & Polygraph Services and Darryl DeBow*